NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REED SHOOK, | No. 22-16554 |
| Plaintiff-Appellant, | D.C. No.<br>1:22-cv-00060-LEK-KJM |
| v. | |
| COUNTY OF HAWAII POLICE<br>DEPARTMENT, et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Submitted June 14, 2024[**]
Honolulu, Hawaiʻi

Before: CALLAHAN, HURWITZ, and H.A. THOMAS, Circuit Judges.

Reed Shook appeals the dismissal of this 42 U.S.C § 1983 action arising

from events surrounding his non-selection for the 92nd recruitment class of the

County of Hawaiʻi Police Department ("HPD").  We have jurisdiction pursuant to

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291, and we affirm.

"We review de novo a district court's order granting a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim." *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022). We presume the parties' familiarity with the facts of the case and therefore repeat them here only to the extent necessary to resolve the issues raised on appeal.

1. The district court correctly found the causes of action for First Amendment retaliation, negligence, and intentional infliction of emotional distress ("IIED") arising from Shook's disqualification untimely because they were filed more than two years from their accrual on February 3, 2020, when Shook was notified of his disqualification from candidacy. *See* Haw. Rev. Stat. § 657-7 (statute of limitations for personal injury actions); *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 951 (9th Cir. 2022) (§ 1983 claims are governed by the forum state's statute of limitations for personal injury actions).

Shook's First Amendment retaliation claim accrued no later than February 3, 2020, when he learned of his disqualification from the recruitment class. *See Bonelli*, 28 F.4th at 952 (§ 1983 First Amendment retaliation claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action" (internal quotation marks and citation omitted)). It is irrelevant that Shook alleges he did not learn the official reason for his disqualification until later

2

because by February 3, 2020, he knew he was injured, i.e., disqualified, and suspected that disqualification was due to unlawful discrimination. *See W. Ctr. for Journalism v. Cederquist*, 235 F.3d 1153, 1157 (9th Cir. 2000) ("[A]s long as a plaintiff has notice of the wrongful conduct, it is not necessary that [he] have knowledge of all the details . . . in order for [the] cause of action to accrue." (second alteration in original) (internal quotation marks omitted)).

We reject Shook's attempt to invoke the continuing violations doctrine. The HPD's non-selection of Shook constitutes a discrete act, entirely separate from the Merit Appeals Board ("MAB") hearing and the MAB's denial of his appeal. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 114 (2002) (continuing violation doctrine cannot apply to save "discrete discriminatory acts," "such as termination, failure to promote, denial of transfer, or *refusal to hire*" (emphasis added)).

Shook's state law tort claims arising from his disqualification likewise accrued no later than February 3, 2020. By then, Shook knew or reasonably should have known of his disqualification, the allegedly improper consideration of his overturned and expunged conviction, and the fact that his former conviction was at least one of the reasons he was disqualified. *See Hays v. City and County of Honolulu*, 917 P.2d 718, 723 (Haw. 1996) (Haw. Rev. Stat. § 657-7 limitations period begins to run at "the moment plaintiff discovers or should have discovered

3

the negligent act, the damage, and the causal connection between the former and the latter" (citation omitted)). The complaint repeatedly alleges that Officer Reyes and Sergeant Grouns strongly implied or expressly conveyed to Shook in their October 2019 conversations that the reason he would not be selected was his prior conviction. Thus, the district court correctly found that by February 3, 2020, Shook had all of the necessary facts to support his negligence and IIED claims arising from his disqualification.

2. The district court also correctly dismissed Shook's cause of action under Hawai'i Revised Statutes § 378-2 arising from his disqualification due to untimely exhaustion of administrative remedies. Shook filed his complaint with the Hawai'i Civil Rights Commission at the earliest, on May 17, 2021, which was more than 180 days after his allegedly discriminatory and retaliatory disqualification on February 3, 2020. *See* Haw. Rev. Stat § 368-11(c); *Jass v. CherryRoad Techs., Inc.*, 449 F. Supp. 3d 923, 933 (D. Haw. 2020) (administrative exhaustion required before suing under Haw. Rev. Stat. § 378-2). Again, Shook's later purported discovery of what he calls the "pretext[ual]" official reason for his disqualification does not change the analysis, given his many allegations that he suspected from the beginning that the disqualification was unlawfully based on his former conviction.

3. We also affirm the dismissal of Shook's causes of action involving the MAB's adverse decision in Shook's administrative appeal. Shook advances no

4

theory by which any of the defendants in this action are liable for the conduct of the MAB, an independent third party not named as a defendant.

4. Shook fails to present a meaningful argument that the district court erred by dismissing his First Amendment retaliation cause of action arising from the officers' allegedly false testimony at his MAB hearing. We are not persuaded that the possibility that one's retaliators might falsely testify about their claimed retaliation would deter a reasonable person from reporting retaliation in the first place. *See Dodge v. Evergreen Sch. Dist. #114*, 56 F.4th 767, 778 (9th Cir. 2022) (for adverse action element of prima facie First Amendment retaliation claim, plaintiff "must prove that the employer's action was reasonably likely to deter them from engaging in constitutionally protected speech" (cleaned up)).

5. The district court did not abuse its discretion in finding that Shook's state law claims for negligence and IIED based on the officers' allegedly false MAB testimony were barred by the doctrine of issue preclusion. *Spirit of Aloha Temple v. County of Maui*, 49 F.4th 1180, 1193 (9th Cir. 2022) ("[W]e review de novo if collateral estoppel applies and for abuse of discretion the district court's decision giving preclusive effect."). Shook does not contest the availability of issue preclusion from the MAB decision, arguing only that the district court erred in applying Hawai'i's issue preclusion test. We disagree, finding all elements satisfied. *See id.* (reciting issue preclusion elements under Hawai'i law).

5

The MAB decision was a final judgment on the merits, notwithstanding Shook's choice not to seek judicial review of that decision in the appropriate Hawai'i circuit court. *See* Haw. Rev. Stat. §§ 76-47(e), 91-14; *Wehrli v. County of Orange*, 175 F.3d 692, 694 (9th Cir. 1999) (noting that "a losing party cannot obstruct the preclusive use of [a] state administrative decision simply by foregoing her right to appeal" to state court (quoting *Plaine v. McCabe*, 797 F.2d 713, 719 n.12 (9th Cir. 1986)).

Next, while the individual defendants here were not technically respondents in the MAB appeal, it is sufficient that Shook—the party against whom preclusion is sought—was. *See Santos v. Haw., Dep't of Transp., Kauai Div.*, 646 P.2d 962, 965 (Haw. 1982) (recognizing that Hawai'i courts have "partially abandoned the traditional requirement of identity of parties" so that preclusion can apply when "'raised defensively by one not a party in a prior suit against one who was a party in that suit and who himself raised and litigated the fact or issue'" (quoting *Ellis v. Crockett*, 451 P.2d 814, 822 (Haw. 1969))).

Finally, the record supports the district court's finding that the MAB must have decided that the testimony of the HPD witnesses was not false in order to deny Shook's appeal. *See Spirit of Aloha Temple*, 49 F.4th at 1193 (first and fourth elements of Hawai'i collateral estoppel test together require an "identical" issue "actually litigated, finally decided, and essential to" the prior judgment

6

(quoting *Dannenberg v. State*, 383 P.3d 1177, 1198 (Haw. 2016)).  Thus, Shook was properly precluded from litigating the falsity of that testimony in the context of his present state tort claims.

6.  Shook fails to present a meaningful argument that the district court erred by dismissing his Haw. Rev. Stat. § 378-2 cause of action arising from the officers' allegedly false MAB testimony on the grounds that giving such testimony is not a discriminatory practice proscribed by that statute.  In the absence of any developed argument, we are not persuaded that the district court erred.

The judgment of the district court is **AFFIRMED.**